The document below is hereby signed.

Signed: June 3, 2013



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
JOHNNY ANDREW MOORE, SR. and       )  Case No. 10-00515
MARIA FORD MOORE,                  )     (Chapter 7)
                                   )
                    Debtors.       )
                                   )
_____)
                                   )
JUDY A. ROBBINS, UNITED            )
STATES TRUSTEE FOR REGION 4,       )
                                   )
                    Plaintiff,     )
                                   )  Adversary Proceeding
             v.                    )  No. 12-10036
                                   )
JOHNNY ANDREW MOORE, SR. and       )  Not for publication in
MARIA FORD MOORE,                  )  West's Bankruptcy Reporter.
                                   )
                    Defendants.    )
```

MEMORANDUM DECISION AND ORDER DENYING RULE 59 MOTION

The *Defendants' Motion to Set Aside Verdict and for New Trial*, which I treat as a motion under Fed. R. Civ. P. 59 seeking to vacate the judgment denying the debtors a discharge after a non-jury trial, raises issues regarding (1) the alleged invalidity of mortgage claims and (2) my failure to disqualify myself from trying this proceeding. The invalidity of mortgage

claims has nothing to do with the issue tried of whether the defendants refused to comply with a court order.  The contention that I should have disqualified myself is based on my refusal to impose sanctions for the plaintiff's failure timely to respond to discovery.  The discovery, however, was into the same irrelevant issue of the alleged invalidity of the mortgage claims, and imposing sanctions for not responding to the discovery, as a discretionary matter, would have been unwarranted.

An adverse ruling, that it was within the discretion of the court to make, does not show "a personal bias or prejudice" concerning the defendants as would be required to trigger disqualification under 28 U.S.C. § 455(b)(1).  *See, e.g., Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000).  Even an erroneous ruling is ordinarily not a ground for disqualification and is, instead, one for correction via appeal.

Nor does the adverse ruling show under 28 U.S.C. § 455(a) that my "impartiality might reasonably be questioned," for the inquiry under that statute is whether a judge's impartiality might be reasonably questioned by an average citizen based on some apparent bias or prejudice.  *United States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981).  Disqualification is not required under section 455(a) where a ruling is "not sufficient to raise the appearance of prejudice in the mind of a reasonable person who is familiar with all the facts."  *United States v.*

2

*Barry*, 961 F.2d 260, 263 (D.C. Cir.1992).  My impartiality in ruling on the motion for sanctions for failure to respond to discovery could not be questioned from the perspective of a reasonable average citizen.  Any reasonable person would view the ruling as an exercise of discretion that raised no issues of partiality.  It is thus

    ORDERED that the *Defendants' Motion to Set Aside Verdict and for New Trial* (Dkt. No. 78) is DENIED.

                                                      [Signed and dated above.]

Copies to:  All counsel of record (including the defendants, who are acting as their own counsel).